PEOPLE v MacLEOD

Docket No. 48697. Submitted December 11, 1980, at Detroit.—Decided February 18, 1981.

Gregg MacLeod was convicted of breaking and entering an unoccupied building with intent to commit larceny, St. Clair Circuit Court, Ernest F. Oppliger, J. Defendant appeals. *Held:*

1. The test of whether a defense is effective can be measured by the nature of the jury deliberations. Considering the amount of evidence of guilt, the jury spent a long time deliberating and at one point appeared unable to reach a verdict. On that record, the Court of Appeals could not characterize defense counsel's performance as ineffective.

2. The trial court did not err in instructing the jury, in response to their question whether they could return a verdict of guilty with a recommendation of leniency, that they should consider the issue of guilt without regard to what the penalty might be, that the probation department makes recommendations on penalties to the court, and that it is the court's duty to fix the penalty.

Affirmed.

1. CRIMINAL LAW — DEFENSES.

The test of whether a defense is effective can be measured by the nature of the jury deliberations.

2. CRIMINAL LAW — JURY INSTRUCTIONS.

A trial court did not err in instructing the jury, in response to their question whether they could return a verdict of guilty with a recommendation of leniency, that they should consider the issue of guilt without regard to what the penalty might be, that the probation department makes recommendations on

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 315.

Modern status of rule as to test in federal court of effective representation by counsel. 26 ALR Fed 218.

Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

[2] 75 Am Jur 2d, Trial §§ 888, 891, 892.

penalties to the court, and that it is the court's duty to fix the penalty.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*James Schuster,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and M. J. KELLY, JJ.

PER CURIAM. Following trial by jury, defendant was convicted of breaking and entering an unoccupied building with intent to commit larceny therein, contrary to MCL 750.110; MSA 28.305. Defendant appeals as of right and raises numerous issues, only two of which merit discussion.

Defendant argues that he was denied effective assistance of counsel because defense counsel elicited testimony from defendant that he aided and abetted the crime charged. At the conclusion of defendant's testimony, the trial court granted the prosecutor's motion to amend the information to add the offense of aiding and abetting the original crime charged, contrary to MCL 767.39; MSA 28.979.

In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), the Supreme Court adopted the test outlined in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974), which states:

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

A review of the entire record convinces us that

defendant was not deprived of the effective assistance of counsel. The prosecution had presented overwhelming evidence that defendant had done the actual breaking and entering. In light of this uncontroverted testimony, we believe it was a conscious choice of trial strategy for defendant to testify that he had not done the actual breaking and entering but rather he had aided and abetted. We are mindful that the test of whether a defense is effective can be measured by the nature of the jury deliberations. Considering the amount of evidence of guilt, the jury spent a long time deliberating and at one point appeared unable to reach a verdict. Thus, on this record, we cannot characterize defense counsel's performance as ineffective. It is impossible for us to conclude that "some other action would have better protected [the] defendant and was reasonably foreseeable as such before trial". *Beasley v United States, supra,* 696. Further, on this record, we can only speculate that it was defense counsel's decision for defendant to testify. The record is barren as to any proof on how this determination was actually reached.

Secondly, defendant contends that comments by the trial court misled the jury into believing that defendant, if convicted, would only receive probation. The challenged comment occurred after the jury asked the court if it could return a verdict of guilty with the recommendation of leniency. In response, the trial court replied:

"THE COURT: The question I have is, with a guilty verdict can the jury recommend leniency?

"My answer to that question will best be answered by reading to you the instruction that covers this area.

"You are not to concern yourselves during the trial or in your deliberations with what the penalty might be, if you should find the defendant guilty. The ques-

tions of guilt and the question of penalty are decided separately. It is the duty of the judge to fix the penalty whenever a defendant is found guilty. Possible penalties should not influence your decision.

*"I can only add to that, that we do have a probation department that makes recommendations to the court and this is where the input is as far as recommended penalties are concerned in a case such as this.*

"You may retire to the jury room and continue your deliberations." (Emphasis added.)

Placed in proper context, we disagree that the additional comment about the probation department could have induced the jury into believing defendant would receive probation if found guilty. The jury was properly instructed that it should arrive at its verdict without consideration of the punishment to be administered. There was no actual statement that the defendant would receive probation. This Court has previously found that similar statements about the probation department, although extraneous, do not constitute reversible error. *People v Lindsey,* 56 Mich App 458; 224 NW2d 273 (1974). Hence, we conclude that under the circumstances of this case, defendant's rights were not prejudiced.

Defendant's conviction is affirmed.